HANSCHE, Respondent, vs. A. J. CONROY, INC., imp., Appellant.

*September 16—October 13, 1936.*

554

556

For the appellant there were briefs by *Stuart A. Flanner, George B. Skogmo,* and *Bruce B. Walczak,* and oral argument by *Louis S. Wiener,* all of Milwaukee. ·

*J. M. Weisman* of Racine, for the respondent.

MARTIN, J.   The appellant is engaged in the wholesale commercial produce business, dealing in fruit and produce for consumption.   It never dealt in sprouted onion sets, which are sold only for planting purposes and in the trade are regarded a specialty.   Fred Schulz was in the employ of the appellant as a salesman, but occasionally made purchases of such farm produce dealt in by appellant company.   He had never been authorized by his employer to buy onion sets on its behalf or to engage in that business in his own behalf or for others while working for appellant.

There is no testimony that the appellant had any knowledge that Schulz ever purchased onion sets on his own account or for anyone else while in its employ.   It learned of his having purchased the sets of the plaintiff some time during April of 1935, the exact date not appearing.   Prior to this time, Schulz had made a part payment on account to the plaintiff and had also given him an order on E. R. Peacock, to whom he had sold the onion sets, for the balance due plaintiff.   This order was presented to Mr. Peacock, who explained to plaintiff that he was not then in a position to pay, but would be in a few days.   He asked plaintiff if that would be satisfactory, to which he replied: "If I get the money in a few days it would be all right."   It appears that Peacock sustained a fire loss on April 8, 1935, and some complications followed over the matter of insurance.   It was not until after this occurrence that respondent informed Mr. Conroy of his transaction with Schulz and asserted his claim against appellant company.

Respondent seeks to hold appellant liable on the basis of apparent agency.   This brings us to consideration as to what is meant by apparent authority.   The rule applicable here is thus stated in 1 Restatement, Agency, p. 25, § 8:

"Apparent authority is the power of an apparent agent to affect the legal relations of an apparent principal with respect

to a third person by acts done in accordance with such principal's manifestations of consent to such third person that such agent shall act as his agent.

"Comment: *a.* An apparent agent is a person who, whether or not authorized, reasonably appears to third persons, because of the manifestations of another, to be authorized to act as agent for such other. An apparent principal is the person for whom an apparent agent purports to act. The apparent agent may have authority which is coextensive with his apparent authority; he may be authorized to act in other ways but not in the way as to which he has apparent authority; or he may not be authorized to act in any respect for the purported principal. If the authority and the apparent authority are coextensive, the liability of the principal resulting from conduct of the agent may be based upon either authority or apparent authority.

"*b.* The manifestation that another is to act as agent may be made to the community in general, by advertisements or otherwise. Apparent authority, however, exists only with respect to a person to whom such a manifestation has been made or to whom knowledge of it comes."

Three elements are necessary to establish apparent agency: (1) Acts by the agent or principal justifying belief in the agency. (2) Knowledge thereof by the party sought to be held (in the present case, appellant). (3) Reliance thereon by the plaintiff, consistent with ordinary care and prudence. *Domasek v. Kluck,* 113 Wis. 336, 339, 89 N. W. 139.

In *Commonwealth Telephone Co. v. Paley,* 203 Wis. 447, 233 N. W. 619, the court said:

"It is the rule that a person dealing with an agent known to be acting for a principal must at his peril ascertain the extent and nature of the agent's authority. . . . *Boelter v. Hilton,* 194 Wis. 1, 215 N. W. 436; *Pluto Powder Co. v. Cuba City State Bank,* 153 Wis. 324, 141 N. W. 220. However, this rule is to be read in connection with another rule stated in *McDermott v. Jackson,* 97 Wis. 64, 72 N. W. 375, quoted approvingly in *Voell v. Klein,* 184 Wis. 620, 622, 200 N. W. 364, that 'If a third person, because of appearances for which the principal was responsible, believes and has reasonable

ground to believe that the agent possessed power to act for the principal in the particular transaction, if such third person was, in the exercise of reasonable prudence, justified in believing that the agent possessed the necessary authority, then the principal is responsible to such third person the same as if the agent possessed all the power he assumed to possess.' "

The apparent authority for which the principal may be liable must be traceable to him, and cannot be established by the acts and conduct of the agent. The principal is only liable for that appearance of authority caused by himself. *Maryland Casualty Co. v. Moon*, 231 Mich. 56, 203 N. W. 885, 887; *Berryhill v. Ellett* (C. C. A.), 64 Fed. (2d) 253, 256. If words or conduct of the agent are relied upon, it must be shown that the principal had knowledge of and acquiesced in them. 1 Mechem, Agency (2d ed.), p. 513, § 725; *Berryhill v. Ellett, supra*, at p. 256, and cases cited.

In the instant case, the basis of the claimed apparent authority is the introduction of Schulz to the plaintiff by a neighbor as "a man from Conroy's" and Schulz's alleged statement, "I am from Conroy's," and the further statement claimed to have been made by Schulz, when there was some discussion as to paying for the onion sets, that Conroy was "good." Assuming that these statements were made, they fail to establish apparent authority. Nor does the fact that Schulz occasionally bought some farm produce in the line dealt in by appellant company create any apparent authority in him to buy the sprouted onion sets, a produce entirely foreign to his employer's business. An agent may be authorized by his principal to buy horses. The existence of such agency could not be regarded as apparent authority for the agent to buy sheep. No claim is made by the plaintiff or any of his witnesses that appellant company ever purchased sprouted onion sets or in any manner dealt in them. Plaintiff did not know Schulz until he was introduced at the time of the transaction in question. He did not become acquainted with Mr. Conroy until March 28th, or later, although he claims to have heard

mention of his name, that he was located in Milwaukee, and that he was engaged in the farm produce business.

The burden of proof to establish the apparent authority of the agent was upon the plaintiff. *Smith v. Starkey,* 203 Wis. 56, 62, 233 N. W. 576; *Commonwealth Telephone Co. v. Paley, supra,* at p. 450. Upon a careful examination, we can find no competent evidence to sustain any finding of fact that Schulz had actual or apparent authority from his employer to purchase the onion sets in question. There is no liability on the part of the appellant company. It follows that the judgment must be reversed and the action dismissed as to appellant.

*By the Court.*—Judgment reversed as to appellant. Record remanded, with directions to enter judgment dismissing the action as to appellant company with costs.