IN RE the MARRIAGE OF: Elaine C. SOCHA, Petitioner,

v.

Joseph SOCHA, Respondent:

Elaine C. SOCHA, Appellant,

v.

James SOCHA, Respondent.

Court of Appeals

*No. 93–1526. Submitted on briefs February 18, 1994.—Decided March 30, 1994.*

(Also reported in 515 N.W.2d 337.)

On behalf of the appellant, the cause was submitted on the briefs of *Russell W. Devitt* of *Soffa & Devitt* of Whitewater.

On behalf of the respondent, the cause was submitted on the brief of *Diana R. Schira* of *Bachhuber Law Offices, S.C.* of Wausau.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J.   Elaine C. Socha appeals from an order of the trial court holding that the court had no jurisdiction to find her deceased husband Joseph in contempt of court for violating a temporary order issued during their divorce proceeding. We agree with the trial court and affirm.

Elaine and Joseph were married for thirty-seven years and had raised two children before Elaine filed for divorce. During the course of the divorce proceedings, the parties stipulated to a temporary order governing their rights and obligations with respect to each other and their property. The temporary order provided in part:

12. The parties agree that the assets of the parties will be preserved . . . .

. . . .

17. Each party agrees that a personal and property restraining order shall be entered, the provisions of which require that neither party other than as set forth herein, shall dispose of any of his, her or their assets without the consent of the other party . . . .

. . . .

19. Each party shall maintain and keep in force whatever insurances the parties presently have, including . . . life . . . in effect as of the commencement of this action.

While the action was pending and before trial, Joseph died in an automobile accident. Therefore, no judgment had been verbally announced or entered in

writing by the divorce court. Elaine moved the court to dismiss the divorce action because of Joseph's death, which the court granted. Joseph's assets were held in joint tenancy or designated a beneficiary. Therefore, there was no probate proceeding.

About four months later, Elaine moved to reopen the case and to find Joseph in contempt. Elaine alleged that after the entry of the temporary order but at some point prior to the day Joseph died, he changed the beneficiary designations on his life insurance policy and his retirement account. She alleged that prior to the change, she was the beneficiary and that the change violated the temporary order.

Joseph and Elaine's son, James, who apparently was named as the beneficiary, received notice of the motion. The court held a hearing under § 785.03(1)(a), STATS., the remedial sanction procedure for contempt of court. James objected to the motion by special appearance of his attorney. He moved to dismiss on the basis that (1) the court lacked personal jurisdiction over him because he was not a party to the divorce action, and (2) the court lacked subject matter jurisdiction because Joseph was deceased. The court agreed that it lacked jurisdiction, relying upon *Pettygrove v. Pettygrove,* 132 Wis. 2d 456, 393 N.W.2d 116 (Ct. App. 1986), and dismissed the case. Elaine appeals.

Whether a court has jurisdiction is a question of law which is reviewable de novo. *See Dragoo v. Dragoo,* 99 Wis. 2d 42, 43, 298 N.W.2d 231, 232 (Ct. App. 1980).

*Pettygrove* holds that a cause of action for divorce abates upon the death of a party during the pending action, thereby divesting the court of jurisdiction. *Pettygrove,* 132 Wis. 2d at 461-62, 393 N.W.2d at 119. Elaine attempts to distinguish *Pettygrove*, arguing that

the case narrowly applies to whether the court retains jurisdiction to enter a judgment of divorce following the death of a party. She contends that although the court loses jurisdiction to enter judgment, it retains jurisdiction to enforce its prior orders. Elaine argues that §§ 767.01(1) and 767.02(1)(i), STATS.,[1] indicate the legislature's intention that the court be able to enforce orders which it issued while the divorce was pending and prior to a party's death.

■■■■

We disagree. The language in *Pettygrove* is broad: "Under the common law, when one party to a divorce proceeding dies during the pendency of the action, the cause of action abates and the court loses jurisdiction." *Pettygrove*, 132 Wis. 2d at 461, 393 N.W.2d at 119. Jurisdiction is lost as to the entire action—the language makes no exception for the enforcement of prior temporary orders. As far as the legislature evincing an intent to supercede the common law, we again disagree. If the legislature had so intended, it would have included this situation in our omnibus survival statute,

---

[1] Section 767.01(1), STATS., provides:

> The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution as prescribed in this chapter. All actions affecting the family shall be commenced and conducted and the orders and judgments enforced according to these statutes in respect to actions in circuit court, as far as applicable, except as provided in this chapter.

"Actions affecting the family" is defined in § 767.02(1), STATS. The definition includes "[t]o enforce or modify a judgment or order in an action affecting the family granted in this state or elsewhere." Section 767.02(1)(i).

§ 895.01, Stats.[2] Accordingly, the court lost its jurisdiction to enforce a temporary order upon Joseph's death, which occurred prior to the judgment of divorce.

*By the Court.*—Order affirmed.

---

[2] Even if we were to accept Elaine's assertion that *Pettygrove v. Pettygrove*, 132 Wis. 2d 456, 393 N.W.2d 116 (Ct. App. 1986), does not deprive the court of the power to enforce orders which were issued prior to the abatement of the action, her argument is suspect on another basis not raised by the parties. It is elementary that a court must have personal jurisdiction and subject matter jurisdiction to enter an order of contempt against a party. *See Computer Teaching Corp. v. Courseware Applications, Inc.*, 547 N.E.2d 718, 720 (Ill. App. Ct. 1989). Therefore, we question whether Elaine has a remedy in the form of contempt against Joseph, a deceased party, for his actions. *See, e.g., Standard Ins. Co. v. Schwalbe*, 755 P.2d 802, 805-06 (Wash. 1988) (equitable interpleader action brought by life insurer to determine distribution of proceeds; court recognized that the death of husband who violated an injunction precluded a remedy at law in the form of a contempt proceeding); *Hook v. Hook*, 519 N.E.2d 687, 693 (Ohio Ct. App. 1987) (Matia, J., dissenting) (equitable declaratory action brought by wife against estate of deceased husband who violated a restraining order; court recognized that a remedy at law in the form of contempt proceedings was no longer available because of husband's death).