Ronald W. MORTERS, Plaintiff-Appellant,†

v.

AIKEN & SCOPTUR, S.C., Timothy J. Aiken,
Paul J. Scoptur and Kelly I. Centofanti,
Defendants-Respondents.††

Court of Appeals

*No. 2005AP703. Submitted on briefs January 3, 2006.
—Decided February 14, 2006.*

2006 WI App 46

(Also reported in 712 N.W.2d 71.)

† Petition to review denied 6-14-06.
†† Petition to cross review denied 6-14-06.

833

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Ronald W. Morters*, pro se, of Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Gutglass, Erickson, Bonville, Seibel & Falkner, S.C.* by *Paul R. Erickson* of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. WEDEMEYER, P.J. Ronald W. Morters appeals, *pro se,* from a judgment ordering him to pay $27,943.11 in frivolous costs to Aiken & Scoptur, S.C., *et al.* Morters contends that the trial court erred in including in that award $17,820.02, which was incurred in the appellate proceedings of this case. Morters also contends that Aiken & Scoptur failed to mitigate its damages. Because we conclude that the trial court had no authority to make a finding that the appellate proceeding in this case was frivolous, or award costs related to the appellate proceedings without a directive from this court to do so, we reverse that portion of the judgment. Because we conclude that the trial court did not err in its assessment of the costs and fees related to the trial court proceedings, we affirm that portion of the judgment. We also affirm the trial court's determination on the issue of mitigation.

## BACKGROUND

¶ 2. This case has generated a series of litigation, including appeals. The factual background has been fully set forth in this court's 2004 decision in this matter. *See Morters v. Aiken & Scoptur, S.C.,* No. 03–1437, unpublished slip op. (WI App Mar. 16, 2004). Thus, we set forth only those facts necessary for resolution of the instant appeal.

¶ 3. In the aforereferenced decision, we affirmed the trial court's grant of summary judgment dismissing Morters's claims against Aiken & Scoptur for legal

malpractice and breach of contract. Morters claims that Aiken & Scoptur deprived him of a jury trial when it submitted his personal-injury claim to arbitration without his consent.[1] The trial court found that Morters could not prove two elements of the legal malpractice claim and that claims relating to the arbitration had already been litigated in other proceedings.

¶ 4. After the trial court's decision, Aiken & Scoptur filed a motion seeking attorneys' fees and costs based on the frivolous claim statute, Wis. Stat. § 814.025(3)(b) (2003–04)[2]. The trial court denied the motion, finding that Morters's claim was not frivolous.

¶ 5. Morters filed an appeal with this court challenging the trial court's summary judgment decision. Aiken & Scoptur cross-appealed, challenging the trial court's decision on its frivolous claim. We affirmed the trial court's decision granting summary judgment on the grounds that Morters's claims against Aiken & Scoptur were barred by the doctrine of claim preclusion. We reversed the trial court's decision on the frivolous claim statute and remanded the matter to the trial court to conduct a hearing to determine reasonable attorneys' fees and costs.

¶ 6. On remand, the trial court determined reasonable attorneys' fees and costs related to both the trial court proceedings and the appellate court proceedings. It did so, based on the reasoning that if the claim was frivolous from the moment it was filed, then costs and fees should be awarded for all matters generated from that claim until the case was complete, including

---

[1] Morters's personal-injury claim arose from a car accident, wherein Morters, his wife, and his granddaughter were injured.

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

any appellate matters. The trial court ordered Morters to pay Aiken & Scoptur $10,123.09 related to the trial court proceedings, and $17,820.02 related to the appellate court proceedings.[3]

¶ 7. A motion for reconsideration was filed, challenging the trial court's authority to make a frivolous award for appellate proceedings without any directive from the court of appeals or finding by the court of appeals that the appellate proceedings were frivolous. The trial court denied the motion. Judgment was entered. Morters now appeals.

## DISCUSSION

*A. Frivolous Appeal Costs.*

¶ 8. Morters's first argument is that the trial court was without authority to order him to pay costs and fees related to the 2004 appeal in this case on the basis that the underlying claim was frivolous. He argues that the law in this state requires an appellate court to determine that an appeal is frivolous before a trial court can award a litigant to pay costs and fees associated with that appeal. We agree with Morters, and therefore reverse that portion of the judgment requiring him to pay $17,820.02 for appellate frivolity costs and fees.

¶ 9. WISCONSIN STAT. § 809.25(3) provides guidelines relative to this issue. It states in pertinent part:

FRIVOLOUS APPEALS. (a) If an appeal or cross-appeal is found to be frivolous by the court, the court shall award

---

[3] The trial court also ordered two of Morters's former trial attorneys to pay frivolous costs to Aiken & Scoptur for their portion of the trial court proceedings. Neither of these attorneys have challenged the trial court's assessment and therefore we need not address their portion of the judgment in this appeal.

837

to the successful party costs, fees, and reasonable attorney fees under this section. A motion for costs, fees, and attorney fees under this subsection shall be filed no later than the filing of the respondent's brief or, if a cross-appeal is filed, no later than the filing of the cross-respondent's brief.

. . . .

(c) In order to find an appeal or cross-appeal to be frivolous under par. (a), the court must find one or more of the following:

1. The appeal or cross-appeal was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

2. The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

¶ 10. These statutory sections require "the court" to make findings. "The court" as used in this statute, refers to the court of appeals or the supreme court. *See* Wis. Stat. § 809.01(4). Therefore, the trial court cannot make a finding that an appeal is frivolous. The authority for such a finding is vested with the appellate court. It is undisputed in this case that this court did not make any findings as to whether Morters's 2004 appeal was frivolous. Aiken & Scoptur did not make a motion requesting such a finding at any time during the 2004 appellate proceedings. The issue of frivolity of the last appeal was never raised until the matter was back in the hands of the trial court.

¶ 11. Aiken & Scoptur argue, nonetheless, that it is implicit in the record that Aiken & Scoptur would pursue frivolous costs at all stages of the proceeding provided their cross-appeal in the 2004 appeal was successful. We cannot agree. Although it is true that this court can *sua sponte* find an appeal to be frivolous, that is not what occurred here. There was no discussion at all in the 2004 appeal in this court that that appeal was frivolous. Aiken & Scoptur did not make a motion seeking such finding and this court did not make that finding on its own.

¶ 12. The Wisconsin Supreme Court recently addressed the issue of appellate frivolity in *Howell v. Denomie*, 2005 WI 81, ¶¶ 16–21, 282 Wis. 2d 130, 698 N.W.2d 621. In that case, our supreme court held that if an appellate court makes a finding that an appeal is frivolous, it is required to give the parties notice that it is considering the issue and *must* afford the parties "an opportunity to respond to the issue before a determination is made." *Id.*, ¶ 17. In the instant case, that never occurred.

¶ 13. Aiken & Scoptur argue that Morters was afforded an opportunity to respond to its request for appellate costs on the basis that the appeal was frivolous during the trial court proceedings. Such does not change the fact that Morters was not afforded the opportunity to respond at the appellate level during the 2004 appeal. Nor does it change the fact that the authority for finding an appeal to be frivolous rests with the appellate court, not the trial court.

¶ 14. Aiken & Scoptur also contend that the trial court has the authority under Wis. Stat. § 814.025 to order Morters to pay all costs and fees based on frivolous claims for the entire proceeding, including any necessary appeals. It cites *Richland County v. DHSS*,

839

146 Wis. 2d 271, 279–80, 430 N.W.2d 374 (Ct. App. 1988), to support this proposition. We reject this contention. The facts in *Richland County* are very different from those in this case. In *Richland County*, the appellate court specifically directed the trial court to award fees associated with the appeal. *Id.* at 278–80. In the instant case, this court never addressed the issue of appellate frivolity. We were never asked to, nor did we deem it necessary to *sua sponte* consider the issue. Accordingly, *Richland County* does not control the instant matter.

¶ 15. Based on the foregoing, we conclude that the trial court was without authority to order Morters to pay frivolous costs and fees associated with his 2004 appeal in this matter. Accordingly, that portion of the judgment ordering him to pay $17,820.02 is hereby reversed.

## B. Trial Court Frivolous Award/Mitigation.

¶ 16. Morters's second argument is that the trial court erred in the amount awarded as frivolous costs and fees associated with the trial court proceedings. He contends that Aiken & Scoptur failed to mitigate their damages. We cannot agree.

¶ 17. In reviewing a trial court's award of attorneys' fees and costs, we apply a mixed standard of review. *Jandrt v. Jerome Foods, Inc.*, 227 Wis. 2d 531, 575–76, 597 N.W.2d 744 (1999). A trial court's factual findings will not be disturbed unless clearly erroneous. *Id.* at 575. However, whether the award was reasonable is a question of law. *Id.* at 576. Because the trial court is in a superior position to assess the quality of the work, and to observe all of the actions taken from the beginning of the case until the end, we give weight to the trial court's determination on reasonableness. *Id.* at 575–76.

¶ 18. The record reflects that the trial court invited the parties to submit evidence, reviewed everything that was in the file, and reviewed all of the billing statements. The trial court concluded that: "The fees and costs incurred by the defendants in the circuit court before the appeal were reasonable and necessary in defense of a frivolous action." The trial court rejected Morters's assertion that Aiken & Scoptur "were sitting back and running up a large bill." The trial court indicated that it saw "no evidence of churning, duplication or unnecessary procedures or effort in bills incurred during this first sta[g]e of the litigation . . . ."

¶ 19. The trial court went on to address whether the fees were reasonable. It concluded that there was a "good reason for the defendants' attorneys to do what they did." In reviewing this matter, we cannot conclude that the trial court's findings were clearly erroneous or that its determination was unreasonable. We agree with the trial court's assessment that the costs and fees incurred at the circuit court level were necessary, reasonable and did not demonstrate an attempt to "run[] up a large bill."

¶ 20. Morters argues that Aiken & Scoptur should have, and could have, mitigated the expenses it incurred at the trial court level by filing its motion asserting frivolousness earlier—before it conducted discovery and before it filed its motion seeking summary judgment. We are not convinced that such action would have been successful or reasonable. A party may subjectively believe that its opponent's conduct is frivolous, but hold off on filing a motion alleging such until it has objective evidence to support such a motion. It appears that this was the course taken by Aiken & Scoptur here. In fact, their first motion seeking a finding of frivolous-

841

ness was rejected by the trial court. If they lost the original motion *after* the granting of summary judgment, it is improbable that the same motion made at an earlier time would have been successful.

¶ 21. Finally, Morters argues that the trial court should have imposed the frivolous sanction solely on his former trial attorney, as opposed to splitting the costs equally between the attorney and himself. Although this court can understand Morters's position, we cannot overturn the trial court's determination in this regard. The trial court considered the pertinent facts and reached a reasonable determination. Its decision for splitting the fees and costs was sound and cannot be overturned by this court.

¶ 22. Based on the foregoing, we affirm the trial court's decision with respect to the reasonableness of the costs and fees associated with the trial court proceedings, and we affirm its decision denying Morters's assertion that Aiken & Scoptur failed to mitigate its damages. Accordingly, those portions of the judgment are affirmed.[4]

*By the Court.*—Judgment reversed in part and affirmed in part.

---

[4] Aiken & Scoptur have filed a motion seeking frivolous costs for the 2004 appeal, the remand proceedings, and the current appeal. We deny the motion for the reasons set forth in the body of this opinion. The only frivolous cost award that remains is the $10,123.09, which was awarded by the trial court and affirmed by this decision. Morters has also filed a motion seeking frivolous costs, alleging that Aiken & Scoptur's motion was frivolous. We deny Morters's motion as well. *Finisque ab origine pendet.* (The end hangs from the beginning.)