In the MATTER OF SANCTIONS IN: Raisa QUILES, plaintiff v. Rebecca POKOS and Progressive Classic Insurance Company, defendants.

S.A. SCHAPIRO, Appellant,†

v.

Rebecca POKOS and Progressive Classic Insurance Company, Respondents.

Court of Appeals

*No. 2010AP2308. Submitted on briefs April 7, 2011.*
*—Decided May 24, 2011.*

2011 WI App 97

(Also reported in 802 N.W.2d 204.)

† Petition for Review filed.

694

On behalf of the appellant, the cause was submitted on the briefs *S. A. Schapiro* of Milwaukee.

On behalf of the respondents, the cause was submitted on the brief of *Christine M. Benson* and *Stephanie Hanold Anacker* of *Hills Legal Group, Ltd.* of Waukesha.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. CURLEY, P.J.   S.A. Schapiro appeals the trial court's order entering judgment pursuant to this court's

award of $1003.20 in costs against him on an appeal concerning a motion for sanctions. Schapiro argues that the trial court did not have jurisdiction to enter judgment pursuant to this court's order; he additionally argues that the trial court, in entering judgment and in denying his motion to reconsider, erroneously exercised its discretion. Rebecca Pokos and Progressive Classic Insurance Company argue that the instant appeal is frivolous, and consequently move this court for sanctions and for an order barring Schapiro from filing any further litigation involving them until any awarded costs, fees, and attorney fees are paid in full. We affirm the judgment, and we agree that Schapiro's appeal is frivolous. We therefore grant Pokos' and Progressive's motion for sanctions, bar Schapiro from litigating against them until all costs, fees and attorney fees are paid in full, and we remand this matter to the trial court for a determination of fees, costs, and attorney fees associated with the frivolous appeal.

## I. BACKGROUND.

¶ 2. This appeal concerns an order for judgment signed by the trial court and entered against Schapiro for appellate costs awarded by this court in *Schapiro v. Pokos*, No. 2008AP1373, unpublished slip op. (WI App Aug. 4, 2009). Pursuant to this court's decision in *Schapiro*, *see id.*, this court, in December 2009, awarded costs against Schapiro and in favor of Pokos and Progressive in the amount of $1003.20. The $1003.20 in costs were issued against Schapiro after he unsuccessfully appealed a trial court decision which, pursuant to Wis. Stat. § 802.05(3) (2009–10),[1]

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

assessed $250.00 in sanctions against him.[2]

¶ 3. After this court awarded Pokos and Progressive the $1003.20, Pokos and Progressive repeatedly requested that Schapiro comply with this court's order and remit payment for costs. Schapiro did not do so. After months of attempting to contact Schapiro in vain, Pokos and Progressive sought the aid of the trial court. Specifically, they requested that the trial court enter judgment against Schapiro regarding the unpaid costs.

¶ 4. Schapiro objected to the proposed judgment, and the trial court consequently held a hearing during which Schapiro, as well as counsel for Pokos and Progressive, made arguments regarding the trial court's authority to issue a judgment for costs taxed by the Court of Appeals. During this hearing, the trial court addressed the parties' arguments and decided to enter the proposed order against Schapiro:

> THE COURT: Mr. Schapiro recently wrote the court indicating that [the proposed judgment] should have been accompanied by a motion . . . . In effect, this was an order by the Court of Appeals. It directed the court to follow through on this, and the court is prepared to sign the order. I don't think it requires a motion. It was the subject of an appeal which delayed this case for some time.
>
> [T]his court is duty-bound to follow the order of the appellate court, so the court will sign the order concerning the costs that they ordered be paid, and there is really nothing on this court's part that I can do to

---

[2] The factual background and reasoning underlying the costs awarded by this court in December 2009 are set forth in *Schapiro v. Pokos*, No. 2008AP1373, unpublished slip op. (WI App Aug. 4, 2009).

reconsider. It's not my decision. It's something that was decided after careful review, and the court will sign the order . . . .

I'm not sure how one goes about enforcing . . . when the Court of Appeals makes an order and it's not complied with other than I suppose the easiest way and the least offensive way is by obtaining a judgment [at the trial court level].

Now, I'll certainly consider giving you[, Schapiro,] additional time [to brief the matter], but how else [are Pokos and Progressive] going to enforce this order if you ignore it? This is an order from the Court of Appeals, Mr. Schapiro, right, wrong, or indifferent, and I think certainly the lower court has to respect that. I don't know if it's proper or permissible to submit an order to the Court of Appeals for judgment. I don't think procedurally that's appropriate, so I don't fault [Pokos and Progressive] for doing what [they are] doing and I'm sure you understand that as well.

¶ 5.   Following the hearing, counsel for Pokos and Progressive sent correspondence to the trial court regarding arguments made by Schapiro at the hearing and also sent a proposed order for judgment. Schapiro filed a reply.

¶ 6.   Several weeks later, the trial court conducted a status conference and signed the order for judgment proposed earlier by Pokos and Progressive. Pokos and Progressive subsequently submitted the judgment for entry, and the judgment was entered on September 8, 2010.

¶ 7.   Prior to the entry of this judgment, Schapiro filed a motion for reconsideration. The trial court did not entertain the reconsideration motion. Schapiro ultimately paid the judgment against him, but he now appeals. Pokos and Progressive have, in turn, filed a

motion for sanctions and to bar Schapiro from further litigating against them based on the instant appeal.

## II. ANALYSIS.

¶ 8. Below we consider Schapiro's appeal as well as Pokos' and Progressive's motion for sanctions. We address Schapiro's appeal first, and follow with our discussion of the motion for sanctions.

### A. *Schapiro's Appeal*

¶ 9. Schapiro presents three arguments on appeal. First, he argues that the trial court erroneously exercised its discretion by ordering judgment against him without issuing a memorandum decision or an oral decision. Second, he argues the trial court erroneously exercised its discretion by denying his motion for reconsideration without issuing a memorandum decision or an oral decision. Third, Schapiro argues that the trial court did not have jurisdiction to order judgment against him. We discuss the jurisdictional issue first, followed by Schapiro's arguments regarding the trial court's discretion.

1. *The trial court had discretion to enter judgment enforcing costs awarded by this court.*

■

¶ 10. We first address Schapiro's argument that the trial court did not have jurisdiction to enter an order regarding this court's award of costs. Whether a court has jurisdiction is a question of law we review *de novo. Socha v. Socha*, 183 Wis. 2d 390, 393, 515 N.W.2d 337 (Ct. App. 1994).

¶ 11.  Schapiro argues that even though WIS. STAT. § 806.16 on its face allows a trial court to enter a judgment for appellate costs,[3] this procedure was modified by *Morters v. Aiken and Scoptur, S.C.*, 2006 WI App 46, 289 Wis. 2d 833, 712 N.W.2d 71. According to Schapiro, under *Morters*, Pokos and Progressive "were required to move the court of appeals to order the trial court to enter a judgment in the trial court after the record would be remanded, which would have given the trial court the jurisdiction to order a judgment be taken against Schapiro." In other words, Schapiro argues that *Morters* changed the procedure under WIS. STAT. § 806.16 from one where a trial court could order judgment based on an appellate order to one where a party must first petition this court—the Court of Appeals—to direct the trial court to order judgment based on an appellate order. Schapiro argues that under the procedure created by *Morters*, the trial court in this case did not have jurisdiction to enter judgment pursuant to the appellate order because Pokos and Progressive did not first petition this court for relief.

[3] WISCONSIN STAT. § 806.16 provides:

> The clerk of the supreme court, on demand and upon payment of $1, shall furnish a certified transcript of any money judgment of the court of appeals or the supreme court, which transcript may be filed and entered in the judgment and lien docket in the office of any clerk of circuit court in the manner that other judgments are entered and shall then be a lien for the same time as circuit court judgments on the real property in the county where entered. If the court of appeals or supreme court remits its judgment for the recovery of money or for costs to the lower court, the judgment shall be entered by the clerk of the lower court and shall have the like force and effect as judgments of the circuit court that are entered.

¶ 12. We disagree. *Morters* does not modify the procedure under Wis. Stat. § 806.16, which, as Schapiro acknowledges, on its face allowed the trial court to enter judgment regarding our December 2009 judgment in this case. Rather, *Morters* held that a trial court does not have the jurisdiction to find appellate proceedings frivolous. *See id.*, 289 Wis. 2d 833, ¶¶ 8–10, 15. In *Morters*, the trial court denied the defendants' motion for attorneys' fees, which defendants had based on the frivolous claim statute. *Id.*, ¶ 4. On appeal, this court reversed and remanded the matter to the trial court to conduct a hearing to determine reasonable attorneys' fees and costs. *Id.*, ¶ 5. On remand, the trial court not only determined costs based on the plaintiff's frivolous claims at the trial court level, but also determined costs based on the appeal of those frivolous clams. *Id.*, ¶ 6. The plaintiff appealed, arguing that the trial court was without authority to order him to pay costs related to the appeal. *Id.*, ¶ 8. We agreed with the plaintiff, concluding that "the trial court cannot make a finding that *an appeal* is frivolous. The authority for such a finding is vested with the appellate court." *Id.*, ¶ 10 (emphasis added).

¶ 13. *Morters* does not apply in the instant case because the trial court did not make any findings regarding appellate proceedings. *See id.* The trial court merely entered an order enforcing this court's award of costs. As Schapiro himself acknowledges, this is allowed under Wis. Stat. § 806.16. Moreover, Schapiro has not cited to any statute or case law to the contrary. The other case he cites to support his argument, *Spoo v. State*, 219 Wis. 285, 262 N.W. 696 (1935), *overruled on other grounds by State v. Lampe*, 26 Wis. 2d 646, 133 N.W.2d 349 (1965), is a wholly unre-

lated criminal case that merely makes a passing reference to an appellate court's authority to improve practice and procedure. *See Spoo*, 219 Wis. at 290 ("The court, as well as the Legislature, at least when there is no conflicting legislation, has equal power with the Legislature to improve practice and procedure, and should not hesitate to do so in the interest of justice and law enforcement."). Thus, because the trial court had statutory authority to order judgment on this court's taxation of costs, and because Schapiro has not pointed to any law convincing us otherwise, we conclude that the trial court did in fact have jurisdiction to enter the order enforcing this court's award of $1003.20 in this case.

 2. *The trial court properly exercised its discretion regarding this court's award of costs.*

¶ 14.   Schapiro also argues that the trial court erroneously exercised its discretion with respect to the order enforcing this court's award of costs by "fail[ing] to exercise its discretion." *See Oostburg State Bank v. United Sav. & Loan Ass'n*, 130 Wis. 2d 4, 11–12, 386 N.W.2d 53 (1986) (trial court's failure to exercise discretion constitutes an erroneous exercise of discretion). According to Schapiro, "[t]here were no findings of fact, no application of the law [that] each of the parties respectfully submitted."

¶ 15.   We disagree. The trial court's order for judgment was a proper exercise of discretion. Although Schapiro argues that the trial court erroneously exercised its discretion by failing to set forth a basis for that decision, our review of the record reveals that the trial court did in fact make findings and did apply the law to the facts. For example, during the hearing where the parties argued whether the trial court had jurisdiction to

enter Pokos' and Progressive's proposed order, the trial court found that: (1) the Court of Appeals awarded costs against Schapiro; (2) the "least offensive" way to enforce the Court of Appeals' order was to order judgment; and (3) the trial court was obliged to respect the higher court's order for costs:

> [T]his court is duty-bound to follow the order of the appellate court, so the court will sign the order concerning the costs that they ordered be paid, and there is really nothing on this court's part that I can do to reconsider. It's not my decision. It's something that was decided after careful review, and the court will sign the order . . . .
>
> I'm not sure how one goes about enforcing . . . when the Court of Appeals makes an order and it's not complied with other than I suppose the easiest way and the least offensive way is by obtaining a judgment [at the trial court level].
>
> Now, I'll certainly consider giving you[, Schapiro,] additional time [to brief the matter], but how else [are Pokos and Progressive] going to enforce this order if you ignore it? This is an order from the Court of Appeals, Mr. Schapiro, right, wrong, or indifferent, and I think certainly the lower court has to respect that. I don't know if it's proper or permissible to submit an order to the Court of Appeals for judgment. I don't think procedurally that's appropriate, so I don't fault [Pokos and Progressive] for doing what [they are] doing and I'm sure you understand that as well.

¶ 16. These were specific factual and legal findings that underscored the trial court's exercise of its discretion. *See Oostburg*, 130 Wis. 2d at 11–12. We therefore conclude the trial court did not erroneously exercise its discretion with respect to its order enforcing this court's award of costs.

3. *The trial court properly exercised its discretion regarding Schapiro's motion for reconsideration.*

¶ 17.  Again citing *Oostburg*, Schapiro further argues that trial court erroneously exercised its discretion in denying Schapiro's motion for reconsideration without issuing a memorandum or an oral decision setting forth its findings of fact and reasoning. *See id.*

¶ 18.  To prevail on his motion for reconsideration, Schapiro would have had to establish either newly discovered evidence or a manifest error of law or fact. *See Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44, 275 Wis. 2d 397, 685 N.W.2d 853. "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Id.* Rather, "[i]t is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' " *Id.* (citation omitted). In this case, however, Schapiro did not establish newly discovered evidence, nor did he point to a manifest error of law or fact. *See id.* He merely repeated the same arguments raised during the hearing and in his earlier briefs. Therefore, the trial court did not err by denying Schapiro's motion without making any additional findings of fact or setting forth additional reasoning. *See Oostburg*, 130 Wis. 2d at 11–12.

B.  *Pokos' and Progressive's Motion for Sanctions*

¶ 19.  As a final matter, we address Pokos' and Progressive's motion for sanctions. We first observe that Pokos and Progressive timely filed a motion for sanctions as required by Wis. Stat. § 809.25(3)(a). Pokos and Progressive request that we issue an order finding Schapiro's instant appeal to be frivolous; they also

request that we order costs, fees and reasonable attorney fees incurred in defending Schapiro's frivolous appeal. They additionally seek an order barring Schapiro from pursuing further litigation involving them until any awarded costs, fees, and attorney fees are paid.

██

¶ 20. WISCONSIN STAT. RULE 809.25(3) authorizes this court to award costs and attorney fees upon determining that an appeal is frivolous. *See Larson v. Burmaster*, 2006 WI App 142, ¶ 45, 295 Wis. 2d 333, 720 N.W.2d 134.[4] "[A]n appeal is frivolous if '[t]he party or the party's attorney knew, or should have known, that the appeal . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.' " *Id.* (citation omitted; second brackets in *Larson*). "Whether an appeal is frivolous is a question of law." *Id.* " 'To award costs and attorney fees, an appel-

---

[4] *See also* WIS. STAT. § 895.044, which the Legislature published on January 31, 2011, *see* 2011 Wis. Act 2, § 28, and took effect on February 1, 2011, *see* WIS. STAT. § 991.11 (Effective date of acts. Every act and every portion of an act enacted by the legislature over the governor's partial veto which does not expressly prescribe the time when it takes effect shall take effect on the day after its date of publication as designated under s. 35.095(3)(b).). (Punctuation added.) Section 895.044 provides, in relevant part:

> **Damages for maintaining certain claims and counterclaims**. []A party or a party's attorney may be liable for costs and fees under this section for commencing . . . [an] appeal . . . [that the] party or the party's attorney knew, or should have known, . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law."

(Punctuation added.)

late court must conclude that the entire appeal is frivolous.' " *Id.* (citation omitted); *Howell v. Demonie,* 2005 WI 81, ¶ 9, 282 Wis. 2d 130, 698 N.W.2d 621.

■■■■

¶ 21.   If we determine that an appeal is frivolous, we also have the ability to bar the party in question from commencing further proceedings in this court and in the trial court until the costs, fees, and attorney fees that we award are paid in full. *See Puchner v. Hepperla,* 2001 WI App 50, ¶ 6, 241 Wis. 2d 545, 625 N.W.2d 609. Our ability to do so is grounded in the principle that "[f]rivolous actions hinder a court's ability to function efficiently and effectively and to fairly administer justice to litigants who have not brought frivolous actions." *Id.,* ¶ 7. Thus, "[a] court faced with a litigant who brings frivolous litigation has the authority to limit that litigant's access to the court." *Id.* "Otherwise, such a litigant may be undeterred from bringing frivolous litigation." *Id.* Furthermore, " '[w]hile persons have a constitutional right to access to the courts, that right is neither absolute nor unconditional.' " *Id.,* ¶ 8 (citation omitted).

■■■

¶ 22.   We agree with Pokos and Progressive that Schapiro's entire appeal was frivolous. *See Larson,* 295 Wis. 2d 333, ¶ 45. For example, in his argument about the trial court's jurisdiction to enter judgment on this court's award of sanctions, Schapiro ultimately agrees that WIS. STAT. § 806.16 *does* give the trial court authority to enter judgment. Despite making this concession, however, Schapiro proceeds to cite a wholly unrelated criminal case wherein the court makes a mere passing reference to the appellate court's authority to improve practice and procedure. He then argues, " 'without any reasonable basis,' " *see Larson,* 295 Wis. 2d 333, ¶ 45,

that *Morters* changed the procedure under Wis. Stat. § 806.16. As we explained above, there is nothing in *Morters* that even suggests that Pokos and Progressive were required to seek an order from the court of appeals before seeking an order from the trial court to collect costs already awarded by this court. *See id.*, 289 Wis. 2d 833, ¶¶ 4–10. Rather, § 806.16 plainly provides the trial court with authority to order judgment for costs taxed by this court. We think that a reasonable attorney in Schapiro's position " 'should have known' " that his argument regarding jurisdiction " 'was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.' " *See Larson*, 295 Wis. 2d 333, ¶ 45 (citation omitted).

¶ 23. Similarly, we conclude that a reasonable attorney in Schapiro's position " 'should have known' " that the arguments Schapiro advanced regarding the trial court's alleged errors for erroneously exercising its discretion were " 'without any reasonable basis.' " *See id.* (citation omitted). The law regarding reversal based on a trial court's erroneous exercise of discretion is clear, and Schapiro pointed to no evidence in the record showing that the trial court erroneously exercised its discretion with respect to its decision entering judgment as we had directed, nor did Schapiro sufficiently explain why the trial court's denial of his motion for reconsideration constituted error when his motion merely repeated arguments he made earlier.

¶ 24. Because we conclude that Schapiro's entire appeal is frivolous, *see id.*, we award Pokos and Progressive sanctions pursuant to Wis. Stat. § 809.25(3). Additionally, in accordance with *Puchner*, 241 Wis. 2d 545, ¶¶ 6–9, we conclude that it is appropriate to bar

709

Schapiro from involving Pokos or Progressive in litigation until sanctions are paid. Barring Schapiro from involving Pokos and Progressive in litigation until the sanctions are paid will promote "the efficient functioning of the courts." *See id.*, ¶ 9. Moreover, sanctions in this case are "narrowly tailored to punish [Schapiro] for pursuing frivolous litigation and to deter him from doing so in the future." *See id.*

¶ 25. We are not convinced by Schapiro's argument that Pokos' and Progressive's motion for sanctions cannot be granted because it was not raised at the trial court level. As Pokos and Progressive explain in their reply, this argument is unpersuasive because their motion seeks sanctions pursuant to Wis. Stat. § 809.25(3), which entitles a party to fees, costs, and reasonable attorney fees if an *appeal* is frivolous. *See id.* Furthermore, it is of no consequence that Schapiro ultimately did pay the previous award prior to the filing of his appeal.

¶ 26. Accordingly, the clerk of this court is instructed to return unfiled any documents submitted by Schapiro relating to any matter arising from, relating to or involving Pokos and Progressive until any outstanding fees, costs and reasonable attorney fees related to this litigation are paid.[5] On remand, the trial court shall enter whatever order is necessary to give direction to the clerk of the circuit court relating to this opinion's prohibition on future filings by Schapiro. The clerk of this court will resume accepting Schapiro's documents

---

[5] Schapiro is not barred from filing documents in the trial court and this court responding to any action commenced by Pokos and/or Progressive or any criminal proceeding commenced against him, or seeking habeas corpus relief for himself or challenging incarceration. Nor is Schapiro barred from appealing the instant decision to our supreme court.

for filing if the documents are accompanied by an order of the circuit court indicating that Schapiro has paid all of the costs, fees and reasonable attorney's fees awarded by the trial court on remand.

*By the Court.*—Order affirmed and remanded with directions.