COURT OF APPEALS
DECISION
DATED AND FILED

October 15, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2272**

Cir. Ct. No. **2017CV540**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

ROBERT PARKS AND JENNIFER PARKS,

    PLAINTIFFS-APPELLANTS,

  V.

ROBERT WUCHERER AND WUCHERER JOINT REVOCABLE TRUST DATED OCTOBER 18, 2000,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Dodge County: MARTIN J. DeVRIES, Judge. *Affirmed and cause remanded with directions*.

Before Fitzpatrick, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in Wis. Stat. Rule 809.23(3).**

¶1     PER CURIAM.  Robert Parks and Jennifer Parks appeal a circuit court decision granting summary judgment to Wucherer Joint Revocable Trust Dated October 18, 2000 (the Trust) dismissing the Parkses' breach of contract and misrepresentation claims.  The Parkses' claims arise from their purchase in 2017 of a house owned by the Trust.  The Parkses allege that after purchasing the house they discovered that the basement leaks and that the Trust, through its "trustee" Robert Wucherer,[1] falsely represented the home as being free of all defects.  The circuit court granted the Trust's motion for summary judgment dismissing the Parkses' claims on the ground that the Parkses failed to present any evidence that the Trust, through its sole trustee Daniel Wucherer, made any representations itself, authorized Robert to act for the Trust, or otherwise agreed to be bound by Robert.  On appeal, the Parkses argue that the circuit court erroneously granted summary judgment dismissing their claims because they submitted evidence showing that they "interpreted" Robert to have acted as an agent of the Trust, based on the silence of the Trust and the conduct of Robert during the real estate transaction.  Based on our independent review of the record, we conclude that the Trust is entitled to summary judgment dismissing the Parkses' claims against the Trust because the Parkses fail to present any evidence showing that Robert acted as an agent of the Trust.

¶2     The Trust has filed a motion asking that we determine that this appeal is entirely frivolous.  We grant the motion.

---

[1] Various members of the Wucherer family are involved in this case, and for clarity we will refer to each of them after initial introduction by his or her first name.

¶3 Accordingly, we affirm and remand this matter to the circuit court to determine the costs, fees, and reasonable attorney's fees, to be paid entirely by counsel for the Parkses and not in any part by the Parkses, and awarded to the Trust.

## BACKGROUND

¶4 The following facts are undisputed.

¶5 William Wucherer served as the sole trustee of the Trust from the date of his wife Patricia Wucherer's death until he resigned that position on February 4, 2017. On February 10, 2017, Daniel, William's son, was named successor trustee of the Trust. Robert, Daniel's brother and William's other son, was not named as a trustee at any time pertinent to this case.

¶6 In March 2017, the Parkses purchased property owned by the Trust. During the course of the real estate transaction, the Parkses dealt exclusively with Robert and he was present at both the home inspection and closing. Robert signed the offer to purchase, an addendum to the offer to purchase, an amendment to the offer to purchase, and an acknowledgement of receipt of earnest money from the Parkses. Robert also signed a Real Estate Condition Report that disclosed no defects in the home, including in the basement. Robert signed the real estate condition report on the line marked "person supplying information" and signed all the other forms on the line marked "seller."

¶7 The title commitment issued to the Parkses before closing showed the owner of the property to be "William J. Wucherer and Patricia A. Wucherer, or their successor, as trustees of [the Trust]." When the Parkses closed on the

property and received the deed, it was signed by William, who was at that time no longer a trustee.

¶8     Upon discovering defects in their basement, the Parkses filed a summons and complaint naming Robert as the sole defendant and seller of the property and alleging breach of contract and misrepresentation. The circuit court granted summary judgment dismissing the Parkses' claims against Robert because the record showed that it was undisputed that Robert could not have sold the property to the Parkses because he did not own the property. The court granted the Parkses time to amend their pleadings.

¶9     The Parkses filed an amended summons and complaint naming the Trust as the sole defendant and seller of the property. The amended complaint alleges that Robert is "a trustee" of the Trust.

¶10     The Trust moved for summary judgment dismissing the Parkses' claims on the grounds that Robert is not a trustee of the Trust and that the actual trustee, Daniel, made no representations to the Parkses and had no contact with the Parkses. In response to the motion, the Parkses submitted an affidavit by Jennifer Parks in which she averred that the Parkses "believed that Robert Wucherer was … acting as an agent of the [Trust.]" As stated, the circuit court granted the motion, concluding that the record contains no evidence showing that the Trust made any representations, gave Robert authority to make representations, or otherwise agreed to be bound by Robert. This appeal follows.

# DISCUSSION

## I. Summary Judgment

¶11 On appeal, the Parkses do not dispute that Robert is not a trustee of the Trust. Rather, they argue that Robert "acted as an agent of the Trust" during the real estate transaction such that the Trust is liable for Robert's representations about the condition of the property and that the circuit court erred in concluding that they presented no evidence establishing, or creating a genuine dispute as to, that fact.

¶12 We first summarize the standard of review and applicable legal principles. We next explain why, consistent with those legal principles, we conclude that the Parkses have not set forth specific evidence showing that there is a genuine issue of fact as to whether Robert acted as an agent of the Trust. We address the Parkses' arguments to the contrary and explain why we reject them. Finally, we address and grant the Trust's motion to determine this entire appeal frivolous.

### A. *Summary Judgment Standard of Review*

¶13 This court reviews a circuit court's grant of summary judgment independently, applying the same methodology as the circuit court. *Carlin Lake Ass'n, Inc. v. Carlin Club Properties, LLC*, 2019 WI App 24, ¶19, 387 Wis. 2d 640, 929 N.W.2d 228. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).[2] When one party moves for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the pleadings but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial." Sec. 802.08(3). If the party opposing summary judgment fails to set forth specific facts showing that there is a genuine issue of material fact, summary judgment shall be entered against that party. *Id.*

¶14    "The purpose of summary judgment procedure is to avoid trials when there is nothing to try." *Tews v. NHI, LLC*, 2010 WI 137, ¶42, 330 Wis. 2d 389, 793 N.W.2d 860. Accordingly, the court's duty on summary judgment is not to try the facts but to decide whether there is a genuine issue of fact to be tried. *Id.*

### B.  Applicable Legal Principles

¶15    Principals may be held responsible for the conduct of their agents where an explicit, implied, or apparent agency relationship exists. *Skrupky v. Elbert*, 189 Wis. 2d 31, 43-44, 526 N.W.2d 264 (Ct. App. 1994) (explicit and implicit agency); *Vandervest v. Kauffman Pizza, Inc.*, 60 Wis. 2d 230, 245, 208 N.W.2d 428 (1973) (apparent agency). Explicit agency occurs when the principal manifests its intention to imbue the agent with authority by way of an explicit communication or contract between the principal and the agent. *Skrupky*, 189 Wis. 2d at 43-44.

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶16     Implied authority occurs when the principal's conduct causes the agent to reasonably believe he or she has authority as a result of the action of the principal. *Id.* Implied authority exists "when the agent, not the third party, reasonably believes he or she has authority as a result of the action of the principal." *Mared Indus., Inc. v. Mansfield*, 2005 WI 5, ¶31, 277 Wis. 2d 350, 372, 690 N.W.2d 835 (quoted source omitted).

¶17     The doctrine of apparent agency provides that a principal may be held liable for an agent's conduct against a third party, even if the principal has not authorized the agent's authority either explicitly or implicitly, if the principal manifests to the third party that it consents to the agent's conduct. *Hansche v. A. J. Conroy, Inc.*, 222 Wis. 553, 559-560, 269 N.W. 309 (1936). Three elements are required to establish apparent agency: (1) Acts by the agent or principal justifying belief in the agency; (2) knowledge thereof of the party sought to be held; and (3) reliance thereon consistent with ordinary care and prudence. *Id.* at 560. *Cf. Pamperin v. Trinity Mem'l Hosp.*, 144 Wis. 2d 188, 203, 423 N.W.2d 848 (1988). Apparent agency cannot rest solely upon the statements made to third parties by the agent, but rather is dependent upon the principal's manifestation of consent. *Vandervest*, 60 Wis. 2d at 245.

## C. Analysis

¶18     We conclude that the Parkses have failed to present evidence showing a genuine issue of fact as to whether Robert acted as an agent of the Trust. First, the record reveals no evidence of any explicit communication or contract between the Trust and Robert so as to establish an explicit agency relationship. For example, the Parkses do not point to any evidence that Daniel, the trustee at the time of real estate transaction, asked or directed Robert to

conduct the sale of the property; that Robert had a pattern of conducting sales on the Trust's behalf; that Robert informed Daniel of his activities related to the sale of the property; that Daniel received copies of the paperwork Robert signed; or that there are any other facts that would allow us to infer that an explicit agency relationship existed between Robert and the Trust.

¶19     Second, the record reveals no evidence of an implicit agency relationship between Robert and the Trust.  As we understand it, the Parkses argue that they presented evidence, through Jennifer Parks' averments, that they believed that Robert acted as the Trust's agent and that such an agency relationship was implied from the Trust's silence and Robert's conduct during the real estate transaction.  However, as stated above, implied authority exists when the *agent* reasonably believes that he or she has authority as a result of the action of the principal.  *Mared*, 277 Wis. 2d 350, ¶31.  But, the Parkses did not depose Robert or otherwise seek to ascertain what be believed, and do not point to any other evidence as to his belief.

¶20     Third, as for apparent agency:

> The apparent authority for which the principal may be liable must be traceable to him [or her], and cannot be established by the acts and conduct of the agent.  The principal is only liable for that appearance of authority caused by himself [or herself]….  If words or conduct of the agent are relied upon, it must be shown that the principal had knowledge of and acquiesced in them.

*Hansche*, 222 Wis. at 561 (quoted source omitted).  Here, the Parkses did not depose Daniel or otherwise seek to ascertain whether he knew of or acquiesced in Robert's conduct during the real estate transaction, and do not point to any other evidence as to what Daniel knew.  "[A]pparent agency and authority cannot rest solely upon the statements made to third parties by the agent but are dependent

8

upon the principal's manifestation of consent." ***Vandervest***, 60 Wis. 2d at 245. The Parkses fail to show that the Trust manifested to the Parkses that it consented to Robert's conduct, or that the Trust even knew of Robert's conduct. Rather, the Parkses concede that "the only person that [they] dealt with during the property transaction was Robert." The Parkses present no legal authority supporting the proposition that we can infer an apparent agency relationship based on the alleged agent's conduct alone.

¶21 In sum, the Parkses present no evidence about (1) communication between Daniel and Robert; (2) Robert's reasons for acting as he did; (3) what Daniel knew during the course of the real estate transaction; (4) who arranged for the property to be shown, the earnest money check to be deposited, the title commitment to be sent, or the deed to be transferred; or (5) any other facts that would allow us to conclude that there is a genuine issue of material fact to be tried as to whether Robert had an explicit, implicit, or apparent agency relationship with the Trust.

¶22 Throughout their briefing on appeal, the Parkses point to evidence of what *they* believed and how *they* interpreted what they call the Trust's silence and Robert's conduct. However, those efforts fail to come to grips with the law set forth above, which requires (for implicit agency) evidence of *the agent's* "belief" that the agent had authority, *see **Mared***, 277 Wis. 2d 350, ¶31, or (for apparent agency) of *the principal's* "knowledge" of and "manifestation" of consent to the agent's conduct, *see **Hansche***, 222 Wis. at 560-61 and ***Vandervest***, 60 Wis. 2d at 245. It is their failure to present any evidence either that Robert believed he was acting on behalf of the Trust or that the Trust, through its trustee Daniel, was aware of and consented to Robert's conduct, which entitles the Trust to summary judgment dismissing the Parkses' claims against it.

9

¶23   The Parkses argue that the Trust's failure to object to Robert's conduct constitutes acquiescence through silence, but the law they cite does not support their argument.   First, they cite *Skrupky*, 189 Wis. 2d at 43.   But in *Skrupky*, the undisputed evidence showed that the agent had longstanding authority to act on the principal's behalf, that the agent had informed the principal of his conduct, and that the principal acquiesced.   *Id.* at 43-44 (finding an implied agency relationship where, for years, the son of the principal mother had his mother's consent to conduct all business affairs relating to the property in question and the mother did not object to the son's conduct after he reported to her his conversation with the buyers).   Here, the Parkses do not set forth any facts that would allow us to infer that the Trust, through its trustee Daniel, was aware of Robert's conduct and was therefore capable of either objecting to it or silently acquiescing to it.

¶24   Second, the Parkses cite RESTATEMENT (SECOND) OF AGENCY § 26 (1958).   Specifically, the Parkses rely on a comment to the Restatement that provides:

> The manifestation of the principal may consist of his [or her] failure to object to unauthorized conduct.… This is so if … a reasonable person in the position of the principal knowing of unauthorized acts and not consenting to their continuance would do something to indicate his [or her] dissent.

RESTATEMENT (SECOND) OF AGENCY § 26 cmt. d (1958).   The Parkses argue that, consistent with the comment, "[i]f the Trust did not want [Robert] to act as its agent, it reasonably would have objected to [Robert's] actions."   However, this argument relies on a presumption that the Trust, through its trustee Daniel, was aware of Robert's conduct and therefore capable of objecting to his actions, a presumption that has no basis in the record.   As explained above, and as set forth

in the Restatement language on which the Parkses rely, silence can only be a manifestation of consent when the principal has knowledge of the agent's conduct. RESTATEMENT (SECOND) OF AGENCY § 26 cmt. d (1958) ("This is so if … a reasonable person in the position of the principal *knowing* of unauthorized acts and not consenting to their continuance would do something to indicate his dissent." (emphasis added)); *Hansche*, 222 Wis. at 561 ("If words or conduct of the agent are relied upon, it must be shown that the principal had *knowledge* of and acquiesced in them." (emphasis added))

¶25    Finally, the Parkses argue that legal entities like the Trust can only act through agents, and that failing to hold the Trust accountable for Robert's conduct improperly shields the Trust from all liability.  The problem is that the Parkses have presented no evidence that the Trust acted at all.  The record shows that Robert acted in conducting the sale and that William acted in signing the deed, but nothing in the record reveals that either man acted as an agent of the Trust.  In response to the Trust's summary judgment motion, the Parkses had a responsibility not to rest on "mere allegations" that the Trust acted through Robert but to instead, by affidavits or other means, "set forth specific facts" showing either that there is no dispute that the Trust acted through Robert or that there is a genuine issue of material fact as to whether the Trust acted through Robert.  *See* WIS. STAT. § 802.08(3).  As explained above, the Parkses failed to do so.  Accordingly, the Trust is entitled to summary judgment dismissing the Parkses' claims against the Trust.[3]

---

[3] In the circuit court, the Parkses argued that Robert may have committed fraud by intentionally lying in representing himself as the owner of the property.  But, as the Parkses also conceded to the circuit court, they did not include any such claim in their amended complaint.

## II. Frivolous Appeal

¶26 The Trust has moved this court for costs, fees, and attorney's fees, pursuant to WIS. STAT. RULE 809.25(3)(a), because the appeal is frivolous. We agree.

¶27 As pertinent here, an appeal is frivolous if "[t]he party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. RULE 809.25(3)(c)2. "To award costs and attorney fees, an appellate court must conclude that the entire appeal is frivolous." *Schapiro v. Pokos*, 2011 WI App 97, ¶20, 334 Wis. 2d 694, 802 N.W.2d 204 (quoted source omitted). "Whether an appeal is frivolous is a question of law." *Id.* (quoted source omitted). In evaluating whether a party or party's attorney knew or should have known that the appeal had no reasonable basis in law or equity, we look to what a reasonable party or attorney would or should know under the same or similar circumstances. *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621.

¶28 Essentially, the Trust argues that the Parkses appeal a summary judgment that was entered based on the Parkses' failure to present evidence of facts showing that Robert acted as an agent of the Trust and that in their appeal the Parkses do not identify any evidence or cite any law supporting their agency theory.

¶29 In response, the Parkses repeat their arguments that the Trust acquiesced to Robert's conduct through silence and that the Parkses reasonably believed that Robert had authority to bind the seller. The Parkses do not offer any legal authority that would support treating the Trust's inaction or the Parkses'

12

beliefs as evidence of an agency relationship, absent any evidence of the trustee Daniel's manifestations or knowledge of the alleged agent Robert's beliefs.

¶30 In their response to the motion for costs and fees the Parkses do argue, for the first time, that the Trust's control of Robert as an agent may be inferred from the fact that the Trust "stepped in to transfer the deed and title of the property to the Parkses at closing." However, the Parkses offer no citation to the record on this point other than a general citation to Jennifer Parks' affidavit and attached exhibits. Jennifer Parks' affidavit does not reference transfer of the deed and title of the property, and copies of these documents are not contained in the attached exhibits. Also, in arguing that the Trust transferred the deed and title, the Parkses do not address the undisputed fact that the deed was actually signed by William, who was no longer a trustee. This argument comes too late and is unsupported by the record.

¶31 We agree with the Trust that a reasonable attorney would have known that its agency argument, which had been defeated on summary judgment for failure to present evidence supporting such an argument under well-established existing law on agency, would fare no better on appeal without that evidence, absent any principled argument for modifying or extending the existing law. Because neither such evidence nor such an argument has been presented on appeal, we conclude that the Trust has met the requirements of WIS. STAT. RULE 809.25(3)(c)2. Further, pursuant to RULE 809.25(3)(b), we conclude that the onus for the frivolous appeal should fall entirely on the Parkses' attorney and that, therefore, fees should be assessed in toto on the attorney and not even in part on the Parkses. We see no reason to think that any shortcoming that we have summarized was the result of any act of the Parkses, as opposed to acts of their attorney.

¶32 Accordingly, we grant the Trust's motion, and remand this matter to the circuit court to determine the costs, fees, and reasonable attorney's fees to be awarded to the Trust and paid by the Parkses' attorney.

*By the Court.*—Order affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.