COURT OF APPEALS
DECISION
DATED AND FILED

March 17, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP1552**

STATE OF WISCONSIN

Cir. Ct. No.  2016CV1119

IN COURT OF APPEALS
DISTRICT IV

KARL BRUMFIELD AND YALONDA BRUMFIELD,

   PLAINTIFFS-APPELLANTS,

V.

WESTLAKE SERVICES, LLC,

   DEFENDANT-RESPONDENT.

APPEAL from orders of the circuit court for Rock County: BARBARA W. McCRORY, Judge. *Affirmed and cause remanded with directions*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Karl and Yalonda Brumfield (Brumfield)[1] appeal from orders (1) dismissing Brumfield's claims against Westlake Services, LLC, for alleged violations of the Wisconsin Consumer Act; and (2) awarding sanctions to Westlake. For the reasons that follow, we affirm the orders.

¶2 Westfield moves for a determination that the appeal is entirely frivolous. WIS. STAT. RULE 809.25(3) (2017-18).[2] We grant the motion. Accordingly, we remand this matter to the circuit court to determine the costs, fees, and reasonable attorney's fees, if any, to be paid entirely by Brumfield's counsel, and awarded to Westlake.

## BACKGROUND

¶3 Brumfield financed the purchase of a car with a loan from Westlake. As collateral, Brumfield granted Westlake a security interest in the car. Under the terms of the retail installment contract, Brumfield was obligated to pay the amount of $404.76 by the twenty-seventh day of each month, with the first payment due March 27, 2016. The contract provided that Brumfield would be in default if he failed to make the first payment "within 40 days after its due date [.]"

¶4 Brumfield did not make the first payment. He paid $300 on April 29, 2016. On May 7, 2016, Westlake sent Brumfield a "Notice of Right to Cure." The notice informed Brumfield that he was in default and of Westlake's

---

[1] Though both Karl and Yalonda filed the underlying lawsuit and commenced this appeal, Westlake asserts that only Karl was a party to the contract giving rise to the suit against Westlake. Both parties' briefs refer to Karl and Yalonda in the singular as "Brumfield." We follow suit.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

right to repossess, and provided that, if Brumfield paid the "AMOUNT NOW DUE" ($519.52) by May 22, 2016, he could continue with the contract. Brumfield did not pay that amount by May 22, 2016. The car was later repossessed.

¶5    On November 28, 2016, Brumfield filed suit against Westlake, alleging violations of the Wisconsin Consumer Act (WCA). In pertinent part, Brumfield claimed that Westlake "fail[ed] to provide the required notices for default and the right to cure under WIS. STAT. [§] 425.203." As a result, according to Brumfield, Westlake could not lawfully repossess the car. Westlake was served with the summons and complaint on December 6, 2016.

¶6    Westlake served its answer by facsimile on Friday, January 20, 2017, exactly forty-five days after service of the complaint. Westlake filed its answer in the circuit court on the next business day, which was Monday, January 23, 2017. Westlake had attempted to file its answer on January 20. Despite ten attempts, none of the facsimiles from Westlake transmitted. At the direction of the circuit court clerk, the answer was sent by Westlake to the clerk of court by email and facsimile on January 23, 2017.

¶7    Brumfield filed a motion to strike Westlake's "Late Filed Answer and For Default Judgment" (which we will refer to as the "default motion"). As grounds, Brumfield asserted that Westlake's answer was untimely because it had to be filed within forty-five days after service of the summons and complaint under WIS. STAT. § 802.06. Brumfield acknowledged Westlake's unsuccessful attempts to file the motion on the date of service but asserted the "attempt" was insufficient because "[a]ccording to the bright-line rules set forth by statute and the cited cases," Westlake's answer had to be filed by January 20, 2017, the "45 day answer period."

¶8 Westlake filed a response opposing the default motion. Westlake argued that there was no basis for the relief sought by Brumfield because the answer was timely as a matter of law. Westlake explained:

> There is no dispute that an answer must be filed with the court. *See* WIS. STAT. § 801.14. Yet, there is no requirement that an answer be filed simultaneously [with] service of the plaintiff. Instead, the statute dictates that "[a]ll papers after the summons ... shall be filed with the court within a reasonable time after service." WIS. STAT. § 801.14(4). Indeed, the "filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that a copy of such paper has been timely served on all parties required to be served...." ***Id.***

¶9 In addition, Westlake served on Brumfield's counsel a motion for sanctions[3] pursuant to the twenty-one-day safe harbor notice provision in WIS. STAT. § 802.05(3)(a)1. (providing that a motion for sanctions must "be served as provided in [WIS. STAT. § ] 801.14, but shall not be filed with or presented to the court unless, within 21 days after service of the motion … the challenged paper … is not withdrawn or appropriately corrected."). Along with the sanctions motion, Westlake demanded that Brumfield withdraw the default motion within twenty-one days because it was "founded on legal contentions which are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" as required by § 802.05(2)(b). Westlake advised of its right to seek sanctions if Brumfield did not withdraw the default motion within twenty-one days.

---

[3] Westlake's motion for sanctions explained, with extensive citation to statutes and case law, why the claims made in Brumfield's default motion were wholly frivolous. The motion for sanctions also addressed the authority cited in Brumfield's default motion, explaining why the statutes and cases were irrelevant and inapplicable to Brumfield's untimeliness claim.

¶10 On June 20, 2017, the parties appeared for the hearing on Brumfield's default motion. The circuit court determined that WIS. STAT. § 801.14(4) applied to the filing of Westlake's answer and denied the default motion, ruling that Westlake filed its answer within a reasonable time after service on Brumfield. After the circuit court's decision, Westlake orally moved for sanctions, and the court directed it to file its written motion. Brumfield's counsel then submitted a letter to the court seeking to withdraw the default motion under the safe harbor rule.

¶11 Ten days later, Westlake filed its motion for sanctions and Brumfield submitted a response opposing sanctions. In a written decision, the circuit court granted Westlake's motion and awarded it $676.00, a portion of the attorney's fees incurred in responding to the default motion. The court held the award in abeyance pending disposition of the case on the merits. Upon final disposition of the case, the court entered an "Order Granting [Westlake's] Motion for Sanctions." The circuit court clerk entered a written money judgment "against Plaintiffs Karl and Yolanda [sic] Brumfield, jointly and severally, in the amount of $976.00." The judgment amount included the sanctions awarded to Westlake and statutory costs.[4]

---

[4] It appears that the circuit court lacked the statutory authority to award sanctions against the Brumfields, who were represented by counsel. *See* WIS. STAT. § 802.05(3)(b)1. ("Monetary sanctions may not be awarded against a represented party for a violation of [§ 802.05] (2)(b)."). Neither party has raised this potential error on appeal. We observe that neither the court's September 29, 2017 memorandum decision nor its July 19, 2018 order awarding sanctions specifies against whom the sanctions are awarded. As such, the award of monetary sanctions against the represented parties might be an error in the form of the judgment entered by the circuit court clerk. The circuit court may address the form of the judgment on remand.

¶12    Westlake filed a motion for summary judgment seeking dismissal of the complaint on the merits.  Brumfield opposed Westlake's motion and filed a cross-motion for summary judgment.  The circuit court granted Westlake's motion and denied Brumfield's motion, determining that there were no material facts in dispute and that, as a matter of law, Brumfield was not entitled to relief. Brumfield appeals.

## DISCUSSION

### I.  The Circuit Court Properly Awarded Sanctions to Westlake.

¶13    After Brumfield filed its default motion, and twenty-one days before the scheduled hearing, Westlake served on Brumfield's counsel a motion for sanctions asserting that the default motion was frivolous and should be withdrawn. Brumfield did not withdraw the default motion and it was denied at the hearing. After the circuit court orally denied the default motion, Westlake brought up the issue of sanctions.  Brumfield's counsel responded that he would withdraw the default motion under the safe harbor rule to "resolve the issue of the motion for sanctions."  Later that day, he submitted a letter purporting to withdraw the default motion and asserting that this should preclude sanctions premised on the motion's frivolousness.  Westlake subsequently filed its motion for sanctions.  Brumfield filed a brief opposing sanctions, arguing that the default motion was not frivolous, and that it was withdrawn within twenty-one days under the safe harbor rule.

¶14    The circuit court ruled that the default motion was frivolous and awarded sanctions to Westlake.  The court repeated its conclusion that, contrary to the position taken by Brumfield, the statutory deadline for filing an answer is not forty-five days after service, but rather "within a reasonable time after service on the other party."  The court endorsed by reference Westlake's position that

6

"[Brumfield's] attorney should have known that the statutes differentiate between the time required to serve an answer on a party and file the same document with the court."

¶15 The circuit court rejected Brumfield's argument that, because "within a reasonable time" suggests an exercise of discretion, his default motion could not be frivolous. Here, the court considered the undisputed fact that Westlake filed its answer "three calendar days and one business day after serving plaintiffs" and determined that Brumfield's untimeliness argument was baseless:

> Reasonableness is a discretionary term. However, in this case, Westlake filed its answer on January 23, 2017, three calendar days and one business day after serving plaintiffs. It is difficult to conceive a court finding three days between service and filing unreasonable. Furthermore, a finding that three days is an unreasonable time within which to file an answer, also goes against the principle that courts are loath to grant a default judgment, instead seeking to allow parties to try all issues.

¶16 The circuit court also rejected as "disingenuous at best" Brumfield's argument that sanctions were not available because he withdrew the default motion within twenty-one days:

> [Brumfield's attorney] may have technically complied with the statute. However, the court had already ruled on his motion. [Brumfield's attorney] cannot make that ruling a nullity by withdrawing this motion after the fact. Such an action is akin to closing the barn door after the cows have gotten out.

¶17 Under WIS. STAT. § 802.05(3), the circuit court may impose sanctions if "the court determines that sub. (2) has been violated." In this case, Westlake contended the Brumfield's default motion violated § 802.05(2)(b), which permits an award of sanctions for litigating "claims, defenses, and other legal contentions" that are not "warranted by existing law or by a nonfrivolous

7

argument for the extension, modification, or reversal of existing law or the establishment of new law."

¶18     The parties agree that our review of the circuit court's frivolousness determination is deferential.  We will sustain a discretionary decision where the court "examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach."  *Storms v. Action Wis., Inc.*, 2008 WI 56, ¶34, 309 Wis. 2d 704, 750 N.W.2d 739 (source omitted).

¶19     The circuit court properly exercised its discretion in awarding sanctions to Westlake.  It considered the correct and relevant facts, none of which are disputed, including that Westlake served Brumfield with a safe harbor notice under WIS. STAT. § 802.05(3)(a)1., explaining its position that the default motion was frivolous, and affording Brumfield the opportunity to withdraw the motion. The court applied the proper legal standard, § 802.05, which permits sanctions where an attorney advocates a written motion that is not warranted by existing law after having been served with a copy of a motion for sanctions under the safe harbor rule.  *See* § 802.05(2)(b) and (3)(a)1.  The court carefully considered the parties' arguments and reached a reasonable decision using an explainable and rational process.

¶20     Brumfield argues that the circuit court improperly exercised its discretion by "fail[ing] to properly analyze, address, or reference any of Brumfield's citations in its decision," and by failing to describe the conduct worthy of sanctions.  In this court, Brumfield continues to assert that his default motion contained "extensive citations" and made "at the very least a credible argument" for default.  We are not persuaded.  First, the court did identify the

8

frivolous conduct underlying its award; Brumfield's continued litigation of the legally unsupported arguments in the default motion.  Second, we agree with Westlake that Brumfield's appellate brief does not develop his argument that the default motion was consistent with existing law.  *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (rejecting as undeveloped arguments supported only by general statements).

¶21    Brumfield maintains that the circuit court improperly awarded sanctions because Brumfield's attorney withdrew the default motion within the twenty-one-day safe harbor period.  *See* WIS. STAT. § 802.05(3)(a).  We agree with the circuit court that this "argument is disingenuous at best."  After being served with the safe harbor notice, Brumfield doubled down and filed a reply brief in support of the default motion.  He asked to withdraw the motion only after it was decided against him.  To construe the statute as allowing a party to withdraw a frivolous motion at the end of the twenty-first day, but after it was briefed, litigated and decided, would produce an absurd result.  *See State v. Warbelton*, 2008 WI App 42, ¶13, 308 Wis. 2d 459, 747 N.W.2d 717 (stating that it is a rule of statutory construction that any result that is absurd must be avoided).

¶22    Finally, Brumfield contends that Westlake could not file its motion for sanctions after the circuit court ruled on Brumfield's default motion.  We reject this argument because Brumfield did not make it in the circuit court and raises it

for the first time on appeal.[5] We "will not … blindside trial courts with reversals based on theories which did not originate in their forum." *Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶11, 261 Wis. 2d 769, 661 N.W.2d 476 (quoted source omitted).

## II. The Circuit Court Properly Dismissed Brumfield's Action on Summary Judgment.

¶23 This court reviews summary judgment decisions independently, applying the same standards as the circuit court. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶24 We conclude that Westlake was entitled to summary judgment because the undisputed material facts establish that there was no violation of the WCA as alleged by Brumfield. There is no dispute that Brumfield was in default under the terms of the contract and that Westlake provided Brumfield with notice of the default and of Brumfield's right to cure.

---

[5] We reject the assertion in Brumfield's reply brief that this argument was presented to the circuit court. While Brumfield did argue in the circuit court that he withdrew the default motion within twenty-one days under the safe harbor rule, on appeal he raises as a new claim that Westlake's motion for sanctions had to be filed with the court before it ruled on the default motion. Brumfield's new argument relies on different legal principles and case law, for example, *Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis. 2d 278, 528 N.W.2d 502 (Ct. App. 1995), which was cited in his opening brief. Though we will not address this new claim in depth, we observe that *Northwest Wholesale* is premised on a prior version of WIS. STAT. § 802.05 that does not contain any safe harbor provision. *Northwest Wholesale* is distinguishable on the facts and law, and by its terms does not support the claim that Westlake's sanctions motion had to be filed prior to the court's decision on Brumfield's default motion.

¶25 On appeal, Brumfield maintains as his sole argument that "the amounts stated in the Notice are not correct" under the WCA. His contention is that the Notice received on May 7, 2016, was inadequate under the WCA because it incorrectly stated the "amount now due" as $519.52. According to Brumfield, the "amount now due" in the notice should have been only $104.76, the amount he failed to pay toward his first installment payment.

¶26 Like the circuit court, we reject Brumfield's argument. Pursuant to WIS. STAT. § 425.105(2), a customer may cure a default by tendering the amount "of all unpaid installments due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges." Here, the notice specified that the amount of $519.52 included the following:

OTHER (e.g. Late Fees/NSF)　　$10

LATE PAYMENT 04/27/2016　　$404.76

LATE PAYMENT 03/27/2016　　$104.76

¶27 As of the date of the May 7, 2016 notice, the April 27, 2016 amount was due and unpaid. Therefore, the "amount now due" properly consisted of the unpaid March payment plus the amount of other "unpaid installments due at the time of the tender." The notice correctly informed Brumfield of the total amount he had to pay to cure the default. As explained by the circuit court, the WCA distinguishes between default and the right to cure the default. Once Brumfield defaulted by failing to make his first payment in full within forty days of the due date, he could only remedy the situation by paying all outstanding installment payments owed at the time he made the curative payment. He did not do so and,

11

thus, failed to cure the default. Therefore, Westlake was entitled to take possession of the car under the contract.

¶28    Brumfield argues that the April 27, 2016 installment payment was not even late at the time of the notice because the contract and WIS. STAT. § 425.103 provide a ten-day "grace period." There is no basis in the statute or the contract for Brumfield's contention. The contract clearly provides that payments are due on the twenty-seventh day of the month. That the contract also states that a late charge will not be assessed for ten days after the due date does not alter the fact that payment was due on April 27, and Brumfield provides no support to the contrary.

¶29    In sum, the WCA requires that a notice under WIS. STAT. § 425.104 contain the amount a customer must pay to cure an alleged default. Pursuant to WIS. STAT. § 425.105(2), the amount a customer must pay to cure a default includes all amounts due and owing at the time the payment to cure is tendered. Thus, the "amount now due" stated in the notice was correct, the notice complied with the WCA, and Westlake lawfully repossessed the car.

### III.  Brumfield's Appeal Is Frivolous, and Westlake Is Entitled to Recover Its Costs and Attorney's Fees.

¶30    Westlake moves this court for costs, fees, and attorney's fees, pursuant to WIS. STAT. RULE 809.25(3)(a), because the appeal is frivolous. We agree.

¶31    As pertinent here, an appeal is frivolous if "[t]he party or the party's attorney knew, or should have known, that the appeal … was without any reasonable basis in law or equity and could not be supported by a good faith

12

argument for an extension, modification or reversal of existing law." WIS. STAT. RULE 809.25(3)(c)2. "To award costs and attorney fees, an appellate court must conclude that the entire appeal is frivolous." *Schapiro v. Pokos*, 2011 WI App 97, ¶20, 334 Wis. 2d 694, 802 N.W.2d 204 (quoted source omitted). "Whether an appeal is frivolous is a question of law." *Id.* (quoted source omitted).

¶32 With regard to the circuit court's sanctions award, the default motion was frivolous when filed. It was frivolous to argue that Westlake's answer had to be filed within forty-five days after service of the complaint, or that filing the answer one business day after service was not "within a reasonable time after service." *See* WIS. STAT. §§ 801.14(4) and 802.06(1)(a); *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, 253 Wis. 2d 238, 646 N.W.2d 19. Westlake's safe harbor notice clearly set forth established authority both supporting its position and demonstrating that the law cited in the default motion was materially distinguishable. Despite notification, Brumfield's attorney briefed and litigated the baseless motion. Not content to accept the circuit court's exercise of discretion in awarding less than $700 in sanctions, he raises arguments in this court that are undeveloped and unsupported. Brumfield's appellate attorney knew or should have known that this challenge was without any basis in law.

¶33 We also conclude that Brumfield's appellate attorney knew or should have known that his challenge to the circuit court's order granting Westlake's motion for summary judgment and denying Brumfield's cross-motion for summary judgment was frivolous. Under the plain language of the WCA, the "amount now due" required to cure Brumfield's undisputed default permissibly included the overdue April 27, 2016 installment payment. Brumfield's contention that the April payment was not late due to a purported "grace period" is contrary to the undisputed facts and without any basis in the law.

¶34 In sum, we conclude that the appeal is frivolous in its entirety and grant Westlake's motion. Further, we conclude that the onus for the frivolous appeal must fall entirely on Brumfield's attorney. On remand, the circuit court shall determine the amount of costs, fees, and reasonable attorney's fees to be awarded to Westlake and paid by Brumfield's attorney. On remand, the court may address whether the form of the circuit court clerk's judgment against the Brumfields is correct.

*By the Court.*—Orders affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.