COURT OF APPEALS
DECISION
DATED AND FILED

December 16, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1157**

Cir. Ct. No. 2021CV577

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

JODI LUCHETTA,

PLAINTIFF-RESPONDENT,

V.

MERCANTILE ADJUSTMENT BUREAU, LLC,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: PEDRO A. COLÓN, Judge. *Reversed and cause remanded with directions*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. On appeal, Mercantile Adjustment Bureau, LLC ("MAB"), challenges the trial court's award of attorneys' fees and costs to Jodi Luchetta. For the reasons discussed below, we reverse and remand to the trial court with directions.

## BACKGROUND

¶2 MAB is a debt collection agency. In 2019, MAB sent Luchetta, who resides in Milwaukee County, a letter regarding an alleged debt owed to Bank of America.

¶3 On January 30, 2020, Luchetta commenced a class action in the United States District Court, Eastern District of Wisconsin ("the Federal Action") asserting that MAB violated the Fair Debt Collection Practices Act (FDCPA) by using a deceptive letter design. *See* 15 U.S.C. § 1692. After motion practice and service of discovery demands, Luchetta voluntarily dismissed the Federal Action.

¶4 On January 29, 2021, Luchetta filed a complaint in the Milwaukee County Circuit Court ("the State Action"). Luchetta renewed her argument that the letter she received from MAB violated the FDCPA and added a claim pursuant to the Wisconsin Consumer Act ("WCA"). *See* WIS. STAT. § 426.110 (2023-24).[1]

¶5 MAB moved to dismiss Luchetta's claims. The trial court granted MAB's request to dismiss the FDCPA claim, but denied MAB's request to dismiss the WCA claim.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶6      Subsequently, the parties reached a settlement agreement. Under the terms of the agreement, Luchetta received $1,000 and the parties agreed to a stipulated injunction prohibiting MAB from continuing to send the letter at issue. Luchetta reserved the right to petition the trial court for attorney fees.

¶7      On November 29, 2022, Luchetta filed a request for $85,597 in attorneys' fees.[2]  In support, Luchetta filed recorded time entries from the four attorneys who worked on her case along with a firm biography. The time entries included the time spent on both the Federal Action and the State Action.

¶8      MAB objected to Luchetta's request for attorneys' fees and costs. MAB argued that Luchetta failed to comply with WCA requirements, improperly sought fees associated with the Federal Action, and the attorney rates and hours for the State Action were unreasonable.

¶9      A hearing took place and the trial court heard arguments from both parties. After the hearing, the parties submitted supplemental briefing. In support of its argument, Luchetta submitted an affidavit from Francis R. Greene, an attorney who practices in consumer class action litigation throughout the country, including Wisconsin, opining as to the reasonableness of the attorneys' fees sought.

¶10     Subsequently, at the request of Luchetta, a hearing took place in connection with the supplemental briefing. After hearing additional argument from the parties, the trial court stated orally that it was going to award attorneys'

---

[2] Prior to filing the motion for attorneys' fees, the parties engaged in mediation, but were unable to reach an agreement.

fees. The court noted that Greene's affidavit regarding the reasonableness of the rates was uncontested and MAB's challenge to the hourly expenditures were not "fleshed out." The court emphasized that the parties had settled the matter instead of challenging the improper notice practice and WIS. STAT. § 426.110 was not indicative of what the attorneys' fees should be.

¶11 On May 18, 2023, the trial court signed a two-page written decision ordering MAB to pay a total of $70,605.11. The court found that Luchetta was "the prevailing party" and entitled to recover reasonable costs and attorneys' fees based on a "lodestar analysis." The court ordered costs and expenses in the amount of $3,119.71 and attorneys' fees in the amount of $67,485.40. In determining the attorneys' fees, the court approved Luchetta's counsel's billing rates for "the 2022 Calendar Year" as follows:

- Associate Ben J. Slatky at $425 per hour.
- Associate Jesse Fruchter at $425 per hour.
- Of Counsel John D. Blythin at $550 per hour.
- Associate Mark A. Eldridge at $475 per hour.

The court then adjusted the hours "to account for [Luchetta's] partial success with respect to the litigation of certain issues" including "a discount of 30% to the hours expended in connection with the antecedent federal action" and "a discount of 100% to the hours expended litigating issues specific to the FDCPA claim in the present proceedings."

¶12 This appeal follows. Additional relevant facts will be discussed below.

## DISCUSSION

¶13    On appeal, MAB argues that the trial court erred when it awarded attorneys' fees and costs associated with both the Federal Action and with the State Action.

¶14    Generally, we review the reasonableness of an attorney fee award for an erroneous exercise of discretion. *Wildwood Est., LLC v. Village of Summit*, 2025 WI App 47, ¶15, 418 Wis. 2d 22, 25 N.W.3d 581; *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 22, ¶14, 308 Wis. 2d 103, 746 N.W.2d 762.  In determining whether the trial court erroneously exercised its discretion, we examine the court's "explanation to determine whether the court employed a logical rationale that was based on the appropriate legal principles and on the facts in the record." *Stuart*, 308 Wis. 2d 103, ¶14.[3]

### I.    Federal Action

¶15    MAB first contends that $17,137.40 in attorneys' fees and costs associated with the Federal Action should be reversed in their entirety.  MAB argues that Luchetta was not the prevailing party on her FDCPA claim and voluntarily dismissed the Federal Action.

---

[3] MAB asserts that we should apply a mixed standard of review when examining the trial court's award of attorneys' fees and costs. *See Morters v. Aiken & Scoptur, S.C.*, 2006 WI App 46, ¶17, 289 Wis. 2d 833, 712 N.W.2d 71 (stating that a trial court's factual findings will not be disturbed unless clearly erroneous; however, whether the award was reasonable is a question of law).  Because we reach the same conclusion in this case regardless of whether we apply a discretionary standard or a mixed standard of review, we do not resolve the applicable standard of review for the purposes of this case.

¶16　We agree.　Under the American Rule, which Wisconsin has adopted, each litigant generally pays his or her own attorneys' fees unless recovery is "expressly allowed by either contract or statute, or when recovery results from third-party litigation." *DeChant v. Monarch Life Ins. Co.*, 200 Wis. 2d 559, 571, 547 N.W.2d 592 (1996).

¶17　This case does not involve a contract providing for attorneys' fees or recovery results from third-party litigation.　This leaves the question of whether Luchetta is statutorily entitled to attorneys' fees.　In the Federal Action, the only statute at issue was the FDCPA.　The FDCPA provides that attorneys' fees may be granted "in the case of any successful action[.]"　15 U.S.C. § 1692k(a)(3). Luchetta, however, was not successful in the Federal Action.　Luchetta voluntarily dismissed the action, thus there was not a final determination that MAB violated the FDCPA.　Additionally, the portion of Luchetta's State Action advancing her FDCPA claim was dismissed by the trial court.　Luchetta does not point to any statute or decision that provides for the recovery of attorneys' fees where no violation of the FDCPA has been established.[4]

¶18　In response, Luchetta argues that the work of her attorneys in the Federal Action furthered their work in the State Action.　In support, Luchetta relies on *State v. Abbott Laboratories*, 2013 WI App 31, 346 Wis. 2d 565, 829 N.W.2d 753.　*Abbott*, however, is inapposite.　In *Abbott*, the State filed a civil action against several large pharmaceutical manufacturers, including Pharmacia.

---

[4] We note that in its reply brief, MAB raises for the first time an argument regarding the application of WIS. STAT. § 805.04, which allows a court to order the payment of costs of an action previously dismissed.　It is well-established that we do not consider an argument raised for the first time in a reply brief and thus do not address this issue. *Bilda v. County of Milwaukee*, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661.

*Id.*, ¶4. Pharmacia was the first defendant to go to trial. *Id.* The jury found in favor of the State and the trial court awarded the State $6.5 million in attorneys' fees. *Id.*, ¶¶11, 38.

¶19 On appeal, relevant to this case, Pharmacia argued that the trial court should have reduced the attorneys' fees award because the State had spent time on litigation against several pharmaceutical companies, but so far had only been successful against Pharmacia. *Id.*, ¶45. This court rejected Pharmacia's argument and found that the trial court had properly exercised its discretion. *Id.*, ¶48. The trial court observed that the State had submitted affidavits supporting its contention that its request was "shorn of fees incurred litigating cases against other defendants except to the extent that the work was reasonably necessary to advance the case against Pharmacia." *Id.* Thus, in *Abbott*, the trial court only considered the attorneys' fees expended in the case before it. In contrast, here, Luchetta seeks attorneys' fees associated with litigation in a different case in a different court.

¶20 Therefore, we conclude that the trial court erroneously granted attorneys' fees with respect to the Federal Action. *Stuart*, 308 Wis. 2d 103, ¶14. Accordingly, we reverse and remand to the trial court to vacate the costs and fees associated with the Federal Action.

## II. State Action

¶21 MAB next argues that the trial court erred when it awarded Luchetta attorneys' fees and costs associated with the State Action and requests that this court remand the case to the trial court to reflect that Luchetta be awarded no more than $4,908 in attorneys' fees for the State Action.

¶22 When reviewing Luchetta's request for attorneys' fees, the trial court utilized the "lodestar" approach. *Johnson v. Roma II-Waterford LLC*, 2013 WI App 38, ¶17, 346 Wis. 2d 612, 829 N.W.2d 538. The "starting point" of this method "is the number of hours reasonably expended, multiplied by a reasonable hourly rate, with upward or downward adjustments then made after taking other relevant factors into account." *Id.* (citation omitted).

¶23 After reviewing the trial court's oral and written comments, we reverse and remand for additional factual findings regarding the State Action fees. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 108-09, 293 N.W.2d 155 (1980) (stating that it is well established that the court of appeals cannot make any factual findings).

¶24 As a preliminary matter, we observe that while the trial court's written order identifies the hourly rate utilized for each of Luchetta's attorneys, neither the oral nor the written decision expressly identifies "the number of hours reasonably expended." *Johnson*, 346 Wis. 2d 612, ¶17. While the trial court's oral comments suggest that it was finding that all of the hours submitted were reasonable, it would be beneficial on remand for the trial court to expressly specify the total number of hours in order to avoid speculation. *See Crawford Cnty. v. Masel*, 2000 WI App 172, ¶16, 238 Wis. 2d 380, 617 N.W.2d 188 (stating that the trial court must not simply "eyeball[] a fee request").

¶25 Moreover, the trial court's written decision indicates that it is applying "a discount of 100% to the hours expended litigating issues specific to the FDCPA claim in the present proceedings," but does not state how many hours this constitutes or to which time entries it is referring. As a result, this creates uncertainty regarding how the trial court reached its final figure of $67,485.40.

Thus, additional factual findings would assist us in fully and fairly evaluating the trial court's award of attorneys' fees.

¶26 Luchetta observes that a trial court "need give only a 'concise but clear explanation of its reasons for the fee award[.]'" *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶52, 275 Wis. 2d 1, 683 N.W.2d 58 (citation omitted). Even if we were to assume, however, that additional specificity is not required with respect to the hours reduced relating to the FDCPA claim in the State Action, we further note that the trial court's written order indicates, without explanation, that it utilized the 2022 attorney billing rates. The record, however, reflects that the State Action took place throughout 2021 and 2022. Based on the time entries submitted, each of Luchetta's attorney's rates increased from 2021 to 2022. For example, in 2021, Attorney Ben Slatky's services were billed at $400 per hour. In 2022, his services were billed at $425 per hour. Given that there is no explanation as to why only the 2022 rates would be utilized instead of a range of rates, this increases the uncertainty surrounding the trial court's calculation of the final award.

¶27 Therefore, we reverse and remand for the trial court to make additional factual findings relating to the State Action attorneys' fees utilizing the lodestar approach.[5] *Johnson*, 346 Wis. 2d 612, ¶17.

---

[5] We note that the additional factual findings may or may not change the amount awarded for the State Action.

**CONCLUSION**

¶28    In sum, we reverse and remand for the trial court to vacate the attorneys' fees awarded for the Federal Action.  Additionally, we reverse and remand for the trial court to make additional factual findings relating to the State Action attorneys' fees.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.